## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

| | |
|---|---|
| IN THE MATTER OF COOPER MARINE & TIMBERLANDS CORPORATION, as Owner *Pro Hac Vice* and Operator; and GATX THIRD AIRCRAFT, LLC, as Owner of the BARGE CMT 123, Official No. 1067600 | No. 3:15CV00170 JLH (LEAD) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ROBERT L. COLEMAN, Special Administrator for the Estate of Nicolas Perez Hernandez, and his Surviving Heirs and Dependents | PLAINTIFF |

v.    NO. 3:15CV00225 JLH

| | |
|---|---|
| COOPER MARINE & TIMBERLANDS CORPORATION, *et al*. | DEFENDANTS |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| KASSANDRA NIEVES, Individually and as Personal Representative of the Estate of Juan Nieves and his Surviving Heirs and Dependents | PLAINTIFF |

v.    NO. 3:15CV00350 JLH

| | |
|---|---|
| COOPER MARINE & TIMBERLANDS CORPORATION, *et al*. | DEFENDANTS |

### ORDER

Cooper Marine & Timberlands Corporation has moved for a protective order regarding a Rule 30(b)(6) notice of deposition served by plaintiff's counsel.  Cooper Marine first requests the Court to quash the deposition totally and permanently.  That request is denied.  In the alternative, Cooper Marine requests the Court to strike topic Nos. 1.B, 8-17, 20, 21, 23, 31 and 32.

The plaintiff has responded, arguing first that defense counsel has failed to meet the obligation to meet and confer in good faith on the objections before seeking relief from the Court.  The parties recite a somewhat different history on that issue, and the Court will not attempt to

resolve the factual dispute. While admonishing the lawyers of their duty to confer in good faith before seeking relief from the Court on a discovery matter, the Court will go ahead and rule on the specific objections.

The plaintiffs have agreed to strike the phrase "including but not limited to" from several of the deposition topics. That phrase is therefore stricken from every deposition topic in which it appears. The plaintiffs have also agreed to limit inquiries regarding "cargo" to "steel coils." The plaintiff agreed to limit topic No. 13 to the past ten years and to strike topic No. 14. Topic No. 13 will therefore be limited to the past ten years, and topic No. 14 will be stricken. Topic No. 1 will be limited to the nature and scope of the business of Cooper Marine, including the relationship with Cooper Marine to any parent companies, subsidiaries, affiliates and divisions.

Several of the topics request information regarding loading and unloading of the barges and other circumstances regarding which Cooper Marine says it has no involvement. Rule 30(b)(6) says that the persons designated must testify about information known or reasonably available to the organization. The fact that Cooper Marine may have no employees who participated in the loading and unloading of the barges, or other such aspects of the operation, does not necessarily mean that there is no information about these aspects of the operation that is reasonably available to Cooper Marine. Therefore, those portions of Cooper Marine's objections are overruled.

Cooper Marine's objections to request No. 20 as an improper attempt to obtain expert testimony is overruled. Cooper Marine must designate someone to testify regarding request No. 20 to provide information known or reasonably available to it.

Cooper Marine objects to topic No. 31, which concerns any and all communications between Cooper Marine and the United States Coast Guard, as well as other governmental entities.

Apparently, Cooper Marine has obtained documents from the Coast Guard regarding its investigation, which it says it obtained conditioned on a commitment that those documents would not be provided to others. Cooper Marine contends that these documents constitute work product and therefore are beyond the scope of discovery. These documents may be the work product of the United States Coast Guard, but they cannot be the work product of Cooper Marine's lawyers. The objection to topic No. 31 is overruled.

Topic No. 32 is a witness to testify regarding incident reports and results in investigations by Cooper Marine. That topic does include work product so Cooper Marine will not be required to provide a witness to testify on topic No. 32.

Cooper Marine's motion for a protective order is granted to the extent stated herein but otherwise denied. Document #61.

IT IS SO ORDERED this 7th day of September, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE